## WILLIAM W. ALLEN *v.* MAY & KOHN.

The answer of one of the defendants, who are commercial partners, is admissible against his co defendant.

Plaintiff died pending the suit in the District Court of Caddo, the administrator of his succession also died. There being no publication to fill his vacancy, the Clerk of the court, representing the succession, entered appearance, *ex officio*, in the Supreme Court—*Held:* that he could do so under the circumstances by the provisions of the Act of 1855, without proof of his appointment of administrator.

APPEAL from the District Court of the parish of Caddo, *Jones,* J.

*Nutt,* for *Kerby,* clerk. *Turnell & Hodge,* for defendant and appellant.

BUCHANAN, J. The parties file cross demands to a large amount against each other. The proof of many items on both sides is vague and unsatisfactory; but there are other items which are proved. The District Judge, in his reasons for judgment, has analysed the proof on each side, and given judgment for those items which are proved on either side, striking a balance of ten hundred and sixty-two dollars and ninety-three cents in favor of plaintiff. This judgment appears to us in accordance with the evidence. There is a bill of exceptions to the admission of the answers of one of the defendants, (commercial partners,) to interrogatories, as evidence against the other defendant.

There was no error in the admission of these answers. The contract of lease, in evidence, shows that the girl *Phœbe* was left by plaintiff in the possession of both defendants, as security for payment of his rent, with leave to defendants to sell her in default of payment of his rent, her proceeds to be applied to the payment of the arrears of rent due.

The plaintiff having died pending the suit in the District Court, it was revived in the name of his administrator, *John W. Morris,* against whom the appeal is taken. It having been suggested of record that *Mr. Morris,* plaintiff's administrator, is likewise dead, and the cause being continued from last term to make parties, the Clerk of the District Court of Caddo now enters an appearance, as *ex officio* administrator of the succession of *William W. Allen,* there being no application to fill the vacancy occasioned by the death of *Morris.* The appellant, by counsel, objects to the Clerk of the court representing appellee without proof of an appointment as administrator; but we think him entitled to assume that capacity, *ex officio,* under the circumstances, by the provisions of the Act of 1855, page 55, section 19.

It is, therefore, adjudged and decreed that the judgment of the District Court be affirmed, with costs.

SPOFFORD, J., recused himself, having been of counsel.